**Stephen SANCHEZ, by and through his mother and next friend, Joyce Hoebel, et al., Plaintiffs,**

v.

**Grantland JOHNSON, et al., Defendants.**

No. 00–CV–1593.

United States District Court, N.D. California.

Jan. 5, 2004.

Court GRANTS Defendants' motion. (Docket no. 497.)

Thomas K. Gilhool, Esq., Public Interest Law Center of Philadelphia, Philadelphia, PA.

Judith A. Gran, Esq., Public Interest Law Center of Philadelphia, Philadelphia, PA.

Max Lapertosa, Esq., Public Interest Law Center of Philadelphia, Philadelphia, PA.

Michael Churchill, Esq., Public Interest Law Center of Philadelphia, Philadelphia, PA.

Diane J. Lipton, Esq., Disability Rights Education & Defense Fund, Inc, Berkeley.

Arlene B. Mayerson, Esq., Disability Rights Education & Defense Fund, Inc, Berkeley.

Larisa Cummings, Esq., Disability Rights Education & Defense Fund, Inc, Berkeley.

Valerie Vanaman, Esq., Newman Aaronson & Vanaman, Sherman Oaks.

Elizabeth Edwards, Esq., CA State Attorney General's Office, San Francisco.

Stephanie Wald, Esq., CA State Attorney General's Office, San Francisco.

Henry S. Hewitt, Esq., Erickson Beasley Hewitt & Wilson, LLP, Oakland.

## ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION OF RIGHT OF ACTION UNDER SECTION 1983

WILKEN, District Judge.

Defendants move for reconsideration of the Court's denial of their motion for partial judgment on the pleadings. Plaintiffs oppose this motion. The matter was submitted on the papers. Having considered all of the papers filed by the parties, the

## BACKGROUND

Plaintiffs, consisting of a class of individuals with developmental disabilities and several organizations, have sued State officials responsible for the administration of programs for individuals with developmental disabilities. The only remaining claim of Plaintiffs' complaint alleges that Defendants violated Title XIX of the Social Security Act, 42 U.S.C. § 1396a(a)(30)(A), (§ 30(A)) by failing to fund adequately community care facilities for developmentally disabled individuals. On August 10, 2001, Defendants moved for partial judgment on the pleadings on Plaintiffs' § 30(A) claim. (Docket no. 116.) The issue was whether Plaintiffs could bring suit under 42 U.S.C. § 1983 to challenge the State's implementation of the "efficiency, economy, and quality of care" provision of § 30(A). The Court found that Plaintiffs could do so. Accordingly, on September 24, 2001, this Court issued an order denying Defendants' motion for judgment on the pleadings (JOP Order). (Docket no. 136.)

After the Court's JOP Order, the Supreme Court decided *Gonzaga University v. Doe*, 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002), which Defendants contend undermines the authorities relied on by this Court in its JOP Order. Defendants now move for reconsideration of the JOP Order in light of *Gonzaga*.

## LEGAL STANDARD

■ Under Rule 59(e) of the Federal Rules of Civil Procedure and Civil Local Rule 7–9, the granting of a motion for reconsideration is a matter of discretion for a district court and is appropriate if the district court:

(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School District No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

## DISCUSSION

The statute at issue, Title XIX of the Social Security Act, 42 U.S.C. § 1396a(a)(30)(A), provides:

> [A] State plan for medical assistance must ... provide such methods and procedures relating to the ... payment for care and services under the plan ... as may be necessary ... to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area.

42 U.S.C. § 1396a(a)(30)(A).

■ The question at hand is whether § 30(A) confers a private right enforceable pursuant to 42 U.S.C. § 1983. "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997) (quoting 42 U.S.C. § 1983).

Before *Gonzaga*, the Supreme Court had established a three-part test for determining whether a statute creates an enforceable right for purposes of allowing a suit under § 1983:(1) whether the plaintiff is one of the intended beneficiaries of the statute; (2) whether the plaintiff's asserted interests are not so "vague and amorphous" as to be "beyond the competence of the judiciary to enforce"; and (3) whether the statute imposes a "binding obligation" on the State rather than merely expressing a "congressional preference" for a certain kind of conduct. *See, e.g., Blessing*, 520 U.S. at 340–41, 117 S.Ct. 1353; *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 509, 110 S.Ct. 2510, 110 L.Ed.2d 455 (1990). The JOP Order analyzed each of these elements, and concluded that § 30(A) does confer rights that Plaintiffs may enforce using § 1983.

Subsequent to the JOP Order, the Supreme Court decided *Gonzaga*. Although *Gonzaga* did not involve Title XIX, it clarified how to determine whether a statute confers an individual right enforceable under § 1983.[1] Defendants posit that *Gonzaga* overruled *Wilder*. This is not entirely accurate. *Gonzaga* does not change the overall framework for discerning rights enforceable under § 1983 that was articulated in *Blessing* and *Wilder*. *Gonzaga* merely refined the first part of the three-part test, providing guidance to courts in determining whether a plaintiff is an intended beneficiary of a statute.

Under *Gonzaga*, a plaintiff may bring suit under § 1983 as an intended beneficiary of a statute only if the statute unambiguously demonstrates congressional intent to confer an individual or personal right on that plaintiff. *Gonzaga*, 536 U.S. at 283, 122 S.Ct. 2268. The dispute in *Gonzaga* arose when a student sued his university, alleging that unauthorized disclosure of private information violated the Family

---

1. Both Plaintiffs and Defendants expend significant effort in recounting the legislative history of the Boren Amendment, at issue in *Wilder*, in order to posit whether *Wilder* is still good law after *Gonzaga*. The Court's task in reconsidering the JOP Order is not necessarily to revisit its reliance on *Wilder*. Rather, the Court's focus is to analyze the elements of the intended beneficiary inquiry, as a whole, post-*Gonzaga*.

Educational Rights and Privacy Act (FER-PA).[2] FERPA prevents institutions that disclose educational records without consent from receiving federal funding. The plaintiff asserted that he had a right enforceable by § 1983 because Congress intended FERPA to benefit the class he belonged to, students of federally funded institutions. *Id.* at 282, 122 S.Ct. 2268. However, the Court concluded that FERPA did not create an enforceable right. *Id.* at 290, 122 S.Ct. 2268.

The *Gonzaga* Court rejected the framework in which rights enforceable by § 1983 were determined by a "relatively loose standard." *Id.* at 282, 122 S.Ct. 2268. *Gonzaga* clarified that the intended beneficiary inquiry required "an unambiguously conferred right to support a cause of action brought under § 1983." *Id.* at 283, 122 S.Ct. 2268. In so doing, *Gonzaga* identified additional considerations in determining whether a potential plaintiff is an intended beneficiary. These new considerations change the Court's determination in the JOP Order.

## I. Rights–Creating Language

The first consideration in the intended beneficiary analysis looks for "rights-creating" language in the statute. *Id.* at 287, 122 S.Ct. 2268. This inquiry examines whether the "text and structure" of the statute indicates congressional intent to confer an individual right. *Id. Gonzaga* directs the Court to look for "individually focused terminology," that is, a focus on the individual protected rather than the person or entity regulated. *Id.*

■ There can be little doubt that § 30(A) fails to employ the "no person shall" language cited by the *Gonzaga*

Court as the epitome of rights-creating language. *Id.* at 287, 122 S.Ct. 2268. Textually, § 30(A) is phrased in terms of what a State plan for medical assistance must provide to administrators and recipients of Title XIX services. While § 30(A) benefits both recipients and providers of Title XIX services, the language of the statute does not clearly confer an enforceable right on either. *Gonzaga* has made clear that the effect of conferring a benefit is not enough to warrant a private right enforceable by § 1983. "For a statute to create such private rights, its text must be 'phrased in terms of the persons benefitted.'" *Id.* at 284, 122 S.Ct. 2268, citing *Cannon v. Univ. of Chicago,* 441 U.S. 677, 692, n. 13, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979).

The language of FERPA focused on how the Director of Education should make funding decisions. The *Gonzaga* Court found this "two steps removed from the interest of individual students and parents." *Id.* at 287, 122 S.Ct. 2268. Like FERPA, § 30(A) does not speak directly to the persons benefitted. Section 30(A) addresses the quality of services available to "the general population in the geographic area," but does so in indirect terms, too vague to confer an enforceable right upon those providing or receiving services. 42 U.S.C. § 1396a(a)(30)(A).

Plaintiffs rely upon the fact that Medicaid recipients are mentioned in the opening language of Title XIX to assert that individual recipients of Medicaid are intended beneficiaries. 42 U.S.C. § 1396. However, the language used by Congress does not pass *Gonzaga* muster. In light of *Gonzaga,* conferring a benefit is not the

---

**2.** "No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable informa-

tion contained therein ...) of students without the written consent of their parents to any individual, agency or organization." 20 U.S.C. § 1232g(b)(1), quoted in *Gonzaga,* 536 U.S. at 279, 122 S.Ct. 2268.

same as conferring a right enforceable under § 1983. For example, *Gonzaga* recognized that plaintiffs would have an enforceable private right pursuant to a statute which "explicitly conferred specific monetary entitlements upon the plaintiffs." *Gonzaga*, 536 U.S. at 280, 122 S.Ct. 2268. However, there is no such specific monetary entitlement conferred upon Medicaid recipients in § 30(A). Thus, there is no rights-creating language in § 30(A) bestowing an enforceable right upon Plaintiffs.

## II.  Aggregate Focus

■ The second indicator of congressional intent to confer an individual right is whether a statute has a focus on individual rights rather than an "aggregate focus." *Gonzaga*, 536 U.S. at 288, 122 S.Ct. 2268. *Gonzaga* directs the Court to examine whether the statute speaks in terms of "institutional policy and practice" rather than individual entitlement. *Id.* Section 30(A) has an aggregate focus. The statute speaks, not of any individual's right, but of the State's obligation to develop "methods and procedures" of providing medical services. Indeed, the only mention of recipients of Title XIX services is in the aggregate, as "the general population in the geographic area." 42 U.S.C. § 1396a(a)(30)(A). A statutory provision that refers to the individual only in the context of describing a State policy or practice does not reflect a congressional intent to create a private right of action. *Gonzaga*, 536 U.S. at 287, 122 S.Ct. 2268.

## III.  Other Post-*Gonzaga* Decisions

Both parties draw attention to cases decided post-*Gonzaga*. In considering the private right to enforce various provisions of Title XIX, these cases present conflicting results. While other district and circuit courts have addressed issues similar to the issue at hand, none of the cases cited by either party is binding on this Court. However, these cases support the Court's decision to grant Defendants' motion for reconsideration.

There is no post-*Gonzaga* case in which a court, considering the guidelines articulated in *Gonzaga*, has found that § 30(A) gives Medicaid recipients a private right enforceable under § 1983. Plaintiffs' reliance on *Ass'n of Residential Res. in Minn. v. Minn. Comm'r of Human Servs.*, 2003 WL 22037719 (D.Minn.2003), (*ARRM*) is unpersuasive. *ARRM* holds that § 30(A) "continues to provide a private right of action for plaintiffs, at least in the typical Medicaid context." *ARRM*, 2003 WL 22037719 at 7. First, however, the issue in *ARRM* was whether § 30(A) applied to waiver plans. *Id.* at 8. Here, there is no waiver plan at issue. Second, the *ARRM* court arrived at its holding without discussing the factors articulated by the Supreme Court in *Gonzaga*.

Most of the cases to consider § 30(A) according to the *Gonzaga* guidelines have denied a private right of action to both Medicaid recipients and providers. *See Sabree v. Houston*, 245 F.Supp.2d 653, 660 (E.D.Pa.2003), (holding that recipients had no private right to enforce § 1396a, of which § 30(A) is a subsection); *Burlington United Methodist Family Servs., Inc. v. Atkins*, 227 F.Supp.2d 593, 597 (W.Va. 2002), (holding that health care providers had no private right under § 30(A) enforceable under § 1983); *Cal. Ass'n of Health Facilities v. State Dep't of Health Servs.*, C 03–736 VRW (N.D.Cal. July 15, 2003), (holding that a non-profit association representing Medicaid providers could not bring a § 1983 challenge under § 30(A)).

## CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration (Docket no. 497) is GRANTED. Accordingly, the Court GRANTS judgment on the plead-

ings for Defendants. Because Plaintiffs' claims pursuant to 42 U.S.C. § 1396a(a)(30)(A) were the only claims remaining after summary judgment motions, this order terminates the case in its entirety. Thus, Plaintiffs' motion for leave to file supplemental findings of fact and conclusions of law (Docket no. 495) and Defendants' motion to strike Plaintiffs' reply to Defendants' opposition to Plaintiffs' request for leave to file supplemental findings of fact and conclusions of law (Docket no. 500) are moot. Judgment shall enter for Defendants.

IT IS SO ORDERED.